1
2
3
4                          UNITED STATES DISTRICT COURT
5                                DISTRICT OF NEVADA
6                                       * * *
7    SCHEHERAZADE POLLINS,                        Case No. 2:14-cv-00260-JAD-PAL
8                                  Plaintiff,              ORDER
9         v.                                        (Mtn for Default – Dkt. #10)
10   COSMOPOLITAN   HOTEL  &  RESORTS,
     INC.,
11
                                   Defendant.
12

13          This matter is before the court on Plaintiff Scheherazade Pollins' Motion for Default

14   Judgment (Dkt. #10).  The court has considered the Motion and Notice of Corrected Image (Dkt.

15   #11).

16          The Motion, which is supported by an affidavit of counsel, represents that Plaintiff served

17   process on Defendant Cosmopolitan Hotels and Resorts, Inc., on March 5, 2014, but Defendant

18   did not respond to the Complaint (Dkt. #1) or seek additional time to do so.  Additionally,

19   Plaintiff's Complaint seeks $30,000.00 in damages.

20                                   **DISCUSSION**

21   I.     **Applicable Law & Analysis.**

22          A.     **Adequacy of Service of Process.**

23          As a preliminary matter, the court must determine whether the service of process was

24   adequate.  A federal court does not have jurisdiction over a defendant unless the defendant has

25   been properly served.  *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.,* 840

26   F.2d 685, 688 (9th Cir. 1988).  Rule 4 of the Federal Rules of Civil Procedure governs service of

27   process in a federal action and provides that a corporation may be served by delivering a copy of

28   the summons and complaint to an agent authorized to receive service of process.  *See* Fed. R.

                                            1

Civ. P. 4(h)(1)(B).  In addition, Rule 4(d)(1) of the Nevada Rules of Civil Procedure provides that a corporation registered to do business in Nevada can be properly served through its registered agent.  Here, Pollins served the registered agent of Cosmopolitan Hotels and Resorts, Inc., Ms. Janet Maher, on March 5, 2014.  *See* Summons Returned Executed (Dkt. #7). Therefore, the court finds service of process was adequate.

### B.    Default Judgment.

Obtaining a default judgment is a two-step process under Rule 55.  *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55.  First, the clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  Here, the Clerk entered a default against Cosmopolitan Hotels and Resorts, Inc., on March 5, 2014.  *See* Clerk's Entry of Default (Dkt. #21).  Second, the party seeking default judgment must then petition the court for a default judgment.  *See* Fed. R. Civ. P. 55(b)(2).  The grant or denial of a motion for the entry of default judgment is within the discretion of the court.  *See Lau Ah Yew v. Dulles,* 236 F.2d 415, 416 (9th Cir. 1956); *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 107 (C.D. Cal. 2004).  In determining whether to exercise its discretion to enter a default judgment, the court considers the following factors: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim and the sufficiency of the complaint, (3) the sum of money at stake in the action, (4) the possibility of a dispute concerning material facts, (5) whether the default was due to excusable neglect, and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See Eitel,* 782 F.2d at 1471-72.  Once the default has been entered, the factual allegations in a complaint are taken as true.  *See Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002).  Therefore, for purposes of deciding a motion for default, the court accepts as true the well-pled facts in the complaint.

Here, Pollins has not addressed any of the *Eitel* factors in the Motion for Default Judgment.  Additionally, Pollins has not supported the Motion with a memorandum of points and authorities in violation of LR 7-2(a).  Failure to support a motion with a memorandum of points and authorities constitutes consent to denial of the motion.  *See* LR 7-2(d).  Pollins has made no argument whatsoever to support the request for default judgment.  When a party seeks relief

from the court, it must explain the basis for the relief sought, including a discussion of the relevant legal and factual issues involved.  Pollins has failed to do so.

Accordingly,

**IT IS ORDERED** that the Motion for Default Judgment (Dkt. #10) be DENIED WITHOUT PREJUDICE.

DATED this 16th day of December, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE